RSR:mmp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. **00-6091 CR-FERGUSON**

18 U.S.C. §371
18 U.S.C. §513
18 U.S.C. §1344          **MAGISTRATE JUDGE**
18 U.S.C. §1030(a)(2)(A)          SNOW
18 U.S.C. §2

UNITED STATES OF AMERICA          )
                                  )
v.                                )
                                  )
NALIO WILLIAMS,                   )
a/k/a Zarick Demetrius Smith, and )
TRICIA DICKSON,                   )
                                  )
                 Defendants.      )
_____  )

INDICTMENT

The Grand Jury charges that:

COUNT I

1. From on or about May 21, 1996, and continuing thereafter until on or about May 28, 1996, at Broward County, in the Southern District of Florida, the defendants,

NALIO WILLIAMS,
a/k/a Zarick Demetrius Smith,
and TRICIA DICKSON,

knowingly and willfully conspired and agreed with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States, that is, to knowingly make, utter, and possess stolen, forged, and counterfeited securities, that is, falsified checks, of The Law Office of Kaplan, Jaffe and Gates, P.A., with the intent to deceive another person and organization, in violation of Title 18, United States Code, Section 513, and to knowingly and willfully execute and attempt to

execute a scheme and artifice to defraud federally insured financial institutions and to obtain moneys,

funds and assets owned by and under the custody and control of federally insured financial institutions

by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18,

United States Code, Section 1344.

OBJECT OF THE CONSPIRACY

2. It was the purpose and object of the conspiracy for the defendants to unlawfully enrich

themselves by defrauding Barnett Bank, then a federally insured financial institution, by cashing

forged and counterfeited checks.

MANNER AND MEANS OF THE CONSPIRACY

3. It was part of the conspiracy that the defendants caused the creation of counterfeit and

forged checks of the organization The Law Office of Kaplan, Jaffe and Gates, P.A., for its Trust

Account at Barnett Bank.

4. It was further part of the conspiracy that the defendants cashed the counterfeit and forged

checks of the organization The Law Office of Kaplan, Jaffe and Gates, P.A., at various Barnett Bank

branches in the South Florida area.

GENERAL ALLEGATIONS

At various times relevant to this Indictment:

5. Barnett Bank was a financial institution whose accounts were insured by the Federal

Deposit Insurance Corporation, and which had branches in Broward County, and throughout the

Southern District of Florida, and which was an organization that operated in and the activities of

which affected interstate and foreign commerce.

6. Defendant TRICIA DICKSON was a teller at a branch of Barnett Bank located in

Hollywood, in Broward County, in the Southern District of Florida. DICKSON's role was to obtain

2

information regarding the Barnett Bank account of the organization The Law Office of Kaplan, Jaffe and Gates, P.A., so that the conspiracy could create and cash counterfeit and forged checks in the name of that account.

7. Defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, was an acquaintance of defendant TRICIA DICKSON. The role of defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, was to secure checks with the name and Barnett Bank account number of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, and to cash those counterfeit and forged checks.

## OVERT ACTS

8. In furtherance of the conspiracy and to effect the object thereof, the following overt acts, among others, were committed in Broward County, in the Southern District of Florida and elsewhere, by one or more of the defendants:

A. On or about May 21, 1996, the defendants TRICIA DICKSON and NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, discussed a scheme to cash counterfeit and forged checks written on the Barnett Bank account of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account.

B. On or about May 22, 1996, the defendant TRICIA DICKSON accessed the Barnett Bank computer in excess of her authorized authority to learn account information about the Barnett Bank account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account.

C. On or about May 22, 1996, the defendant TRICIA DICKSON provided account information about the Barnett Bank account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account to defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith.

D. On or about May 24, 1996, at Broward County, the defendant NALIO

3

WILLIAMS, a/k/a Zarick Demetrius Smith, was in possession of checks from the Barnett Bank account of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, which bore the pre-printed address "291 N.W. 177TH STREET SUITE 109, MIAMI, FL 33169-4981," which differed from the legitimate checks of the Barnett Bank account of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, which bore the pre-printed address, "2435 Hollywood Boulevard, Hollywood, Florida."

E.     On or about May 24, 1996, at Broward County, the defendant TRICIA DICKSON repeatedly accessed Barnett Bank computer information regarding the account balance of the account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, to monitor the cash withdrawals of co-defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, from that account using the counterfeit and forged checks.

F.     On or about May 28, 1996, at Broward County, the defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, attempted to cash counterfeit and forged check number 11254 drawn on the Barnett Bank account in the name of The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, in the amount of $980.00, and made out to "Zarrick Smith," at a Barnett Bank drive-in teller position.

G.     On or about May 28, 1996, at Broward County, the defendant NALIO WILLIAMS, a/k/a Zarick Demetrius Smith, drove away from the Barnett Bank drive-in teller, leaving check number 11254 and a license in the name of "Zarick Demetrius Smith," when the drive-in teller told him that she was going to verify the signature on the account.

H-X.     Counts II through XVIII of this Indictment are adopted and realleged in their entirety as overt acts.

All in violation of Title 18, United States Code, Section 371.

COUNTS II-XVIII

SCHEME TO DEFRAUD FINANCIAL INSTITUTION

10. Paragraphs 1-8G of this Indictment are incorporated as though realleged in their entirety.

11. On or about the dates set forth below, at Broward County, in the Southern District of Florida, the defendants,

NALIO WILLIAMS,
a/k/a Zarick Demetrius Smith,
and TRICIA DICKSON,

as identified below in the separate counts, knowingly and willfully devised and executed and attempted to execute a scheme and artifice to defraud Barnett Bank, a federally insured financial institution, and to obtain moneys, funds and assets owned by and under the custody and control of Barnett Bank, by means of false and fraudulent pretenses, representations, and promises, in that the defendants caused and attempted to cause the cashing of counterfeit and forged checks drawn on Barnett Bank account The Law Office of Kaplan, Jaffe and Gates, P.A., Trust Account, each in the amount of $980.00, and payable to "Zarrick Smith," as set forth below:

| COUNT | DATE | CHECK NUMBER |
|-------|------|--------------|
| II | 5/24/96 | 11234 |
| III | 5/24/96 | 11235 |
| IV | 5/24/96 | 11236 |
| V | 5/24/96 | 11237 |
| VI | 5/24/96 | 11238 |
| VII | 5/24/96 | 11239 |
| VIII | 5/24/96 | 11240 |
| IX | 5/24/96 | 11241 |

5

| X     | 5/24/96 | 11242 |
| XI    | 5/24/96 | 11243 |
| XII   | 5/24/96 | 11244 |
| XIII  | 5/24/96 | 11245 |
| XIV   | 5/24/96 | 11247 |
| XV    | 5/24/96 | 11248 |
| XVI   | 5/24/96 | 11249 |
| XVII  | 5/24/96 | 11253 |
| XVIII | 5/28/96 | 11254 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

COUNT XIX

In or about May, 1996, at  Broward County, in the  Southern District of Florida, the defendants,

TRICIA DICKSON and<br/>NALIO WILLIAMS,<br/>a/k/a Zarick Demetrius Smith,

did willfully, knowingly, and intentionally access a computer without authorization and exceed authorized access, and thereby obtain information contained in a financial record, that is, information pertaining to the account of the Law Office of Kaplan, Jaffe and Gates, P.A. Trust Account, of a financial institution, the accounts of which were insured by the Federal Deposit Insurance

Corporation, that is, Barnett Bank, in excess of $5,000.00.

All in violation of Title 18, United States Code, Sections 1030(a)(2)(A) and 2.

A TRUE BILL

FOREPERSON

THOMAS E. SCOTT
UNITED STATES ATTORNEY

ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA                    CASE NO. _____

v.                                          **CERTIFICATE OF TRIAL ATTORNEY***

NALIO WILLIAMS, ET AL.                      **Superseding Case Information**:

**Court Division**: (Select One)            New Defendant(s)        ____ Yes ____ No
                                               Number of New Defendants   ____
____ Miami      ____ Key West                  Total number of counts     ____
_X_ FTL      ____ WPB   ____ FTP

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:        (Yes or No)    _No_____
     List language and/or dialect    _____

4.   This case will take    _4___   days for the parties to try.

5.   Please check appropriate category and type of offense listed below:
     (Check only one)                        (Check only one)

I     0 to 5 days       _X___          Petty                   _____
II    6 to 10 days      _____         Minor                   _____
III   11 to 20 days     _____         Misdem.                 _____
IV    21 to 60 days     _____         Felony                  _X___
V     61 days and over  _____

6.   Has this case been previously filed in this District Court?  (Yes or No)    _No___
If yes:
Judge: _____    Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?    (Yes or No)    _No_____
If yes:
Magistrate Case No.                   _____
Related Miscellaneous numbers:        _____
Defendant(s) in federal custody as of _____
Defendant(s) in state custody as of   _____
Rule 20 from the    _____    District of _____

Is this a potential death penalty case? (Yes or No) _____No_____

7.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes
     _X_ No    If yes, was it pending in the Central Region?   __ Yes  _No_

                                            _____
                                            ROBIN S. ROSENBAUM
                                            ASSISTANT UNITED STATES ATTORNEY
                                            Florida Bar No. 908223

*Penalty Sheet(s) attached                                          REV 4/7/99

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

Defendant Name:  __Nalio Williams_____    Case No.: _____

================================    ==========================================

Count #I

_Conspiracy to commit bank fraud and pass counterfeit and forged securities; 18:371_____

_____

**Max. Penalty:** 5 years' maximum imprisonment; $250,000 maximum fine
================================================================================
Count #II-XVIII

_Bank fraud; 18: 1344_____

_____

**Max. Penalty:** 30 years' maximum imprisonment; $1,000,000 maximum fine
================================================================================
Count #XIX

_Unauthorized access to computer record of financial institution (where value of record exceeds $5,000);_

_18:1030(a)(2)(A)_____

**Max. Penalty:** 5 years' maximum imprisonment; $250,000 maximum fine
================================================================================
Count #:

_____

_____

**Max. Penalty:**
================================================================================
Count #:

_____

_____

**Max. Penalty:**
================================================================================

================================================================================

*Refers only to possible term of incarceration, does not  include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

Defendant Name:  __Tricia Dickson__          Case No.: _____

=================================    ==========================================

Count #I

 Conspiracy to commit bank fraud and pass counterfeit and forged securities; 18:371

_____

**Max. Penalty:** 5 years' maximum imprisonment; $250,000 maximum fine
===============================================================================
Count #II-XVIII

 Bank fraud; 18: 1344

_____

**Max. Penalty:** 30 years' maximum imprisonment; $1,000,000 maximum fine
===============================================================================
Count #XIX

 Unauthorized access to computer record of financial institution (where value of record exceeds $5,000);

 18:1030(a)(2)(A)

Max. Penalty: 5 years' maximum imprisonment; $250,000 maximum fine
===============================================================================
Count #:

_____

**Max. Penalty:**
===============================================================================
Count #:

_____

**Max. Penalty:**
===============================================================================

===============================================================================

*Refers only to possible term of incarceration, does not  include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.