-cr-06091-KAM    Document 38    Entered on FLSD Docket 09/26/2000    F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6091-CR-FERGUSON
Magistrate Judge Snow



UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
NALIO WILLIAMS, )
)
   Defendant. )
_____)

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   Any written statements made by the defendant are being provided to counsel for defendant with this response.

           2.   Copies of statements made by the defendant to individuals known by him to be law enforcement officers are being provided to counsel for defendant with this response.

           3.   The defendant did not testify before the Grand Jury.

           4.   The defendant's NCIC record, if any, will be provided to counsel for the defendant.



5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida 33394. The undersigned has temporarily scheduled the discovery conference for October 3, 2000, at 11:00 a.m. Should counsel for the defendant wish to keep this appointment, he should call to confirm the appointment at least forty-eight (48) hours in advance. If this date and time are not convenient for the defendant's counsel, he may contact the undersigned to schedule a mutually convenient time.

6. No physical or mental examinations or scientific tests or experiments have made in connection with this case at this time.

B.   DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   The defendant was identified in a photo spread, as indicated in the documents attached to defense counsel's copy of this response.

2

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of

3

Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate parameters of when the offenses occurred are outlined in the indictment.

Documents Bates-numbered 1-141 are attached to the copy of this response provided to counsel for the defendant.

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

By: _____
      Robin S. Rosenbaum
      Assistant U.S. Attorney
      Fla. Bar No. 908223
      500 E. Broward Blvd.
      Suite 700
      Fort Lauderdale, FL 33394
      Tel: (954)356-7255 ext. 3595
      Fax: (954)356-7336

cc: Special Agent Wayne Shields
    Federal Bureau of Investigation

4

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by United States mail on September 25th, 2000, to Alvin Entin, Esq., Entin & Margules, 200 E. Broward Blvd., Suite 1210, Fort Lauderdale, Florida 33301-1908.

Robin S. Rosenbaum
Assistant United States Attorney

5